UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LITTLER DIECAST, A BRAHM CORPORATION, AND BRAHM CORPORATION | ) ) ) | Case No. 18-00978-RLM-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**REGIONS BANK AND REGIONS COMMERCIAL EQUIPMENT FINANCE, LLC'S EMERGENCY MOTION TO DISMISS CHAPTER 11 CASES**

Regions Bank, an Alabama banking corporation ("Regions Bank") and Regions Commercial Equipment Finance, LLC, an Alabama limited liability company ("RCEF" and together with Regions Bank, "Regions"), by counsel, respectfully moves (this "Motion") the Court to dismiss the above-captioned, jointly administered Chapter 11 cases (the "Chapter 11 Cases") for cause pursuant to 11 U.S.C. § 1112. Littler Diecast, a Brahm corporation, and Brahm Corporation, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), do not oppose the relief requested in this Motion. In support of this Motion, Regions states as follows:

**JURISDICTION AND VENUE**

1. On February 23, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (this "Court").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1448 and 1409.

1

2

3. The statutory basis for the relief requested in this Motion is Section 1112(b) of the Bankruptcy Code.

## BACKGROUND

4. Regions Bank funded a loan to the Debtors in March 2016, which was secured by a first priority lien on all assets of the Debtors. Within one year, the Debtors were in default. On February 9, 2018, Regions commenced a foreclosure action against the Debtors under Cause No. 18C05-1802-MF-000036 in the Delaware Circuit Court 5 (the "Foreclosure Action"). In the Foreclosure Action, Regions sought (i) a monetary judgment, (ii) an order of foreclosure against the pledged real estate, (iii) an order of replevin as to the personal property collateral, and (iv) immediate and emergency appointment for a receiver over the Debtors pursuant to Indiana Code § 32-30-5-1(5).

5. Before a hearing on Regions' request for the appointment of a receiver could be held, the Debtors commenced the Chapter 11 Cases. The Debtors requested authorization to obtain post-petition financing, but the proposed post-petition lender decided not to fund the loan. As a result, the Debtors lack sufficient cash to fund their post-petition operations, and the Debtors ceased operating on February 28, 2018.

6. The Debtors were unable to fund payroll for the weeks ending February 23 and March 2. Regions has agreed to fund the unpaid payroll out of its cash collateral, provided that (i) this Motion is granted on an expeditious basis, and (ii) the Debtors agree to the appointment of a receiver in the Foreclosure Action immediately after the dismissal of the Chapter 11 Cases (collectively, the "Dismissal Conditions"). The Debtors have agreed to the Dismissal Conditions.

**RELIEF REQUESTED**

7.  Regions respectfully requests the entry of an order dismissing the Chapter 11 Cases pursuant to 11 U.S.C. § 1112(b).

**BASIS FOR RELIEF**

8.  Section 1112(b) of the Bankruptcy Code provides:

> "Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

"Cause" for purposes of Section 1112(b) includes, in relevant part, "substantial or continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation." Under this subsection, the Court must perform a two-step analysis: (1) whether there has been substantial or continuing loss to or diminution of the estate, and (2) whether there is an absence of a reasonable likelihood of rehabilitation. *In re Om Shivai, Inc.*, 447 B.R. 459, 464 (Bankr. D.S.C. 2011).

9.  Because the Debtors are no longer operating, the two prongs of Section 1112(b)(4)(A) are satisfied. The continuing loss prong may be satisfied by showing negative post-petition cash flows, declining asset values, lack of income, and/or an inability to pay current expenses. *See, e.g.*, *Om Shivai*, 447 B.R. at 465; *In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 741 (Bankr. N.D. Ill. 2004); *In re The Adbrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003). The Debtors have no continuing income, cannot pay current expenses, and cannot properly insure or maintain their assets. Further, as the Debtors are not operating (and the Debtors do not oppose the requested relief), it is clear that the Debtors do not intend to reorganize.

10. Dismissal of the Chapter 11 Cases, rather than conversion to chapter 7, is in all parties' best interests. Liquidation of the Debtors' estates will not produce any value for the Debtors' unsecured creditors. Conversion to chapter 7 would serve only to increase administrative costs and would simply cause further delay and expense for collection and recovery efforts by Regions and others now seeking access to the Debtors' facility to recover tools, dies, vending machines, and similar property.

11. In contrast, a dismissal of the Chapter 11 Cases and concomitant agreement of the Debtors to the appointment of a receiver will produce significant benefit to impacted parties. First, the agreement of Regions to allow use of cash collateral to fund payroll conditioned upon dismissal may be the only way that the Debtors' former employees will be paid. Second, a receiver can hire and retain former employees as and if appropriate to facilitate the return of dies, tools, molds, and other personal property not owned by the Debtors to their rightful owners. Former customers are very concerned about the recovery of their tools and dies, without which production of parts (some on a "just in time" production schedule) can be impaired and create ripple effect damages. Regions respectfully suggests that the proposed dismissal and satisfaction of the Dismissal Conditions is the best path forward for former employees, Regions, former customers, and others impacted by the Debtors' closure.

12. Regions has agreed to fund the payroll for the weeks ending February 23, 2018 and March 2, 2018 out of its cash collateral, <u>provided that</u> the Chapter 11 Cases are dismissed expeditiously, and the path cleared for the appointment of a receiver in the Foreclosure Action. Dismissal therefore maximizes recoveries for employees, reduces administrative costs, and is in the best interests of the Debtors' estates.

US.116771776.01

## NOTICE

13. Regions will provide notice of this Motion and any hearing thereon upon: (i) the office of the United States Trustee for the Southern District of Indiana; (ii) counsel for the Debtors; (iii) any party who has filed an appearance in the above-captioned case prior to service; (iv) all creditors, and (vi) any other party to whom the Court directs that notice shall be given.

WHEREFORE, Regions Bank and Regions Commercial Equipment Finance, LLC, by counsel, respectfully request that this Court enter an order (i) dismissing the Chapter 11 Cases; and (ii) granting Regions all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

/s/ Kayla D. Britton

*Counsel for Regions Bank and Regions Commercial Equipment Finance, LLC*

Jay Jaffe (#5037-98)
David A. Foster (#19986-49)
Kayla D. Britton (#29177-06)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
jay.jaffe@faegrebd.com
david.foster@faegrebd.com
kayla.britton@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018, a copy of the foregoing pleading was filed with the Bankruptcy Court. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Alex Beeman
alex@beemanlawoffice.com

James W. Rossow Jr.
jim@rubin-levin.net

US.116771776.01

Curt D. Hochbein
chochbein@rubin-levin.net

John R. Humphrey
jhumphrey@taftlaw.com

Michael P. O'Neil
moneil@taftlaw.com; dhickman@taftlaw.com

Laura A. DuVall
laura.duvall@usdoj.gov

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Jay Jaffe
jay.jaffee@faegrebd.com

David A. Foster
david.foster@faegrebd.com

Kayla D. Britton
kayla.britton@faegrebd.com

Jason R. Burke
jburke@bbrlawpc.com

R. Brock Jordan
bjordan@dblaw.com


                /s/ Kayla D. Britton